[No. D002316. Fourth Dist., Div. One. Nov. 20, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
PATRICK DOWNING, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Certified for publication with the exception of section III.

**COUNSEL**

Bruce Daniel Rosen for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert M. Foster, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**WORK, J.**—Patrick Downing appeals his judgment of conviction on a negotiated guilty plea to two counts of grand theft (Pen. Code,[1] § 487, subd. 1) and a single enhancement for stealing more than $25,000 (§ 12022.6, subd. (a)). Probation was denied and Downing was sentenced to prison. However, the trial court also ordered him to pay restitution in the amount

---

[1] All statutory references are to the Penal Code unless otherwise specified.

of $400,000, requiring him to pay 20 percent of all accrued prison earnings to the victims in this case.

Downing contends the restitution order is void for failing to identify those persons entitled to restitution and the specific amounts of the losses they suffered. He also challenges the propriety of a gross restitution award wholly unrelated to the admitted offenses, based in part on dismissed and uncharged crimes. He urges our remand to allow the court to exercise its discretion to strike the punishment for the section 12022.6, subdivision (a) enhancement.

We do not address Downing's specific contentions regarding the restitution order, because the trial court's direct restitution order here, where it also sentenced Downing to prison, is without statutory authorization and void.[2] We reject the Attorney General's request to remand for limited resentencing on the issue of restitution, because Downing cannot be subjected to a restitution fine pursuant to section 1202.4 and Government Code section 13967 without violating the prohibition against ex post facto laws. We find Downing's additional contention regarding the enhancement to be meritless, but strike the restitution order and affirm the judgment as modified.

I

FACTUAL AND PROCEDURAL BACKGROUND

Between November 1981 and August 1982, Downing owned and operated a business catering to those wishing to sell precious gems and jewelry on consignment. He also solicited others to invest cash, through him, in the gemstone market.

Downing was charged with six counts of grand theft and two enhancing allegations accompanying count two alleging the value of the property taken was in excess of $25,000 (§ 12022.6, subd. (a)) and $100,000 (§ 12022.6, subd. (b)). He entered a bargained guilty plea to counts two and six and admitted the taking in count two exceeded $25,000. In exchange for a waiver under *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396], the People dismissed the section 12022.6, subdivision (b) enhancement and the remaining counts.

Count two involved a victim who placed 17 precious gems and a ruby ring on consignment with Downing in December 1981. Although Downing

---

[2]Although not presented in initial briefing, both parties have addressed this issue in responding to specific inquiry by this court.

eventually returned two of the stones, she lost approximately $280,000.[3] In August 1982, the victim in count six consigned a diamond and ruby ring worth $10,000 to Downing. Downing never paid for or returned the ring.

The underlying facts in the dismissed counts trace a precious gem scam highlighted by investments and reinvestments in stones with misrepresented appraisal values, consignments where neither the jewelry nor the value of the jewelry were returned to the victims, or where personal loans were collateralized on the gems of others, etc. The total losses in the dismissed counts exceed $35,000. The probation report identifies 12 additional victims, including their addresses, with verified losses (unfiled charges). The total loss of these unfiled charges exceeds $172,000.

## II

**THE TRIAL COURT IS STATUTORILY UNAUTHORIZED TO ORDER DIRECT RESTITUTION WHERE A DEFENDANT IS IMPRISONED**

The Attorney General concedes the trial court is not statutorily authorized to order direct restitution to victims where it has sentenced defendant to prison unless such restitution is expressly agreed to by defendant. That was the law before the enactment of Proposition 8 and remains the law.

Proposition 8, the "Victim's Bill of Rights," was enacted on June 8, 1982, adding section 28 to article I of the California Constitution. Subdivision (b) provides: "Restitution. It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer.

"Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary. The Legislature shall adopt provisions to implement this section during the calendar year following adoption of this section." Pursuant to this mandate to adopt provisions to implement this subdivision so as to authorize orders for restitution from convicted persons in every case in which a crime victim suffers a loss, absent extraordinary reasons to the contrary, the Legislature enacted a series of statutes designed to require restitution as a condition of probation in all criminal proceedings (§ 1203.04; Welf. & Inst. Code, § 729.6), to establish mandatory restitution fines for all persons con-

---

[3]This estimated loss by the victim does not reflect the offset value of the two stones eventually returned to her.

victed of felonies (see § 1202.4 and Gov. Code, § 13967), to modify and make more comprehensive a program to assess restitution fines against all defendants and to compensate crime victims by the state generally (Gov. Code, § 13959 et seq.), and to facilitate recovery of damages through civil claims by a victim against the defendant (see Code Civ. Proc., §§ 37, 340.3, 1021.4; Gov. Code, §§ 26820.4, subd. (b), 72055, subd. (b); Pen. Code, § 1191.2; Welf. & Inst. Code, § 656.2). (See generally (1984) 15 Pacific L. J. 559-569; 17 Cal.Jur.3d (1984 rev.) part 1, Criminal Law, § 54, p. 89.)

At first glance, the cited statutory schemes appear comprehensive. Indeed, where a defendant is placed on probation, restitution is required where a victim suffers a loss. (§ 1203.04.) Further, section 1202.4[4] and Government Code section 13967[5] require the restitution fine be imposed on a defendant who is convicted of a felony regardless of his present ability to pay unless the court finds compelling and extraordinary reasons to warrant waiver of

---

[4]Section 1202.4 provides: "(a) In any case in which a defendant is convicted of a felony, the court shall order the defendant to pay a restitution fine as provided in subdivision (a) of Section 13967 of the Government Code. Such restitution fine shall be in addition to any other penalty or fine imposed and shall be ordered regardless of the defendant's present ability to pay. However, if the court finds that there are compelling and extraordinary reasons, the court may waive imposition of the fine. When such a waiver is granted, the court shall state on the record all reasons supporting the waiver.

"(b) In any case in which the defendant is ordered to pay restitution as a condition of probation, the order to pay the restitution fine, or portion thereof, may be stayed pending the successful completion of probation, and thereafter the stay shall become permanent.

"(c) If the restitution fine has been stayed pending successful completion of probation, upon revocation of probation and imposition of sentence, the stay shall be lifted. The amount of the restitution fine shall be offset by any restitution payments actually made as a condition of probation."

[5]Government Code section 13967, provides: "(a) Upon a person being convicted of any crime in the State of California, the court shall, in addition to any other penalty provided or imposed under the law, order the defendant to pay restitution in the form of a penalty assessment in accordance with Section 1464 of the Penal Code. In addition, if the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000). In setting the amount of the fine for felony convictions, the court shall consider any relevant factors including, but not limited to, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, and the extent to which others suffered losses as a result of the crime. Such losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Except as provided in Section 1202.4 of the Penal Code, under no circumstances shall the court fail to impose the separate and additional restitution fine required by this section. This fine shall not be subject to penalty assessments as provided in Section 1464 of the Penal Code.

"(b) The fine imposed pursuant to this section shall be deposited in the Restitution Fund in the State Treasury. Notwithstanding Section 13340, the proceeds in the Restitution Fund are hereby continuously appropriated to the board for the purpose of indemnifying persons filing claims pursuant to this article. However, the funds appropriated pursuant to this section for administrative costs of the State Board of Control shall be subject to annual review through the State Budget process."

the imposition of the fine. However, the restitution fine in felonies is limited to $10,000 regardless of the number of felony offenses and victims involved. (See Gov. Code, § 13967, subd. (a).) Moreover, where, as here, a defendant is imprisoned and the statutory schemes do not provide for direct restitution, the restitution fund is of no help to the victims because property losses are excluded from its coverage (Gov. Code, § 13960).[6] Consequently, we question whether the Legislature fully implemented the constitutional mandate where the defendant is imprisoned, there are substantial property losses suffered by victims of crimes for which the defendant is convicted, and the victims' only avenue of relief for restitution is by civil remedy. The electorate gave a clear directive requiring restitution to be ordered in every case involving a victim absent extraordinary reasons. We doubt it anticipated the current statutes, which in some cases still leave the victims to individually bear the costs and endure the rigors of seeking civil judgments.

However, the People argue the Legislature fully implemented Proposition 8 by adopting section 1202.4 and Government Code section 13967 to cover these circumstances by establishing the restitution fund. Thus, they request that portion of the trial court's order relating to restitution be reversed and the matter remanded for limited resentencing on the issue of restitution only. (Presumably under § 1202.4 and Gov. Code, § 13967.)

Remanding on the issue of restitution is inappropriate. First, because the crimes committed by Downing occurred before the operative dates of section 1202.4 and Government Code section 13967, January 1, 1984, a restitution fine cannot be imposed without violating the constitutional prohibition against ex post facto laws. (*People* v. *McCaskey* (1985) 170 Cal.App.3d 411, 414 [216 Cal.Rptr. 54].) In any event, the Legislature intended the provisions apply only to those defendants who commit offenses on or after January 1, 1984. (*People* v. *Palomar* (1985) 171 Cal.App.3d 131, 136 [214 Cal.Rptr. 785]; *People* v. *McCaskey, supra,* 170 Cal.App.3d at p. 418.) Second, former statutes governing restitution fines would be to no avail here, because former Government Code section 13967 conditioned the imposition of fines upon, not only the conviction of a violent crime resulting in the injury or death of another, but also the defendant's present ability to pay and the economic impact of the fine on his/her dependents. Accordingly, we strike the restitution order in its entirety.

---

[6]We note that in 1982 property losses in reported crimes involving burglary, larceny, robbery, rape, homicide and vehicle theft, totaled over 1.562 billion dollars, all of which was not compensable under the restitution fund. (Comment, *Restitution for Crime Victims: The California Legislature Responds to Proposition 8* (1984) 14 Sw.U.L.Rev. 745, 775, fn. 210.)

### III*

. . . . . . . . . . . . . . . . . . . . . . . . . .

*Disposition:*

The restitution order is stricken. In all other respects, the judgment is affirmed.

Wiener, Acting P. J., and Kintner, J.,† concurred.

---

*See footnote, *ante*, page 667.
†Assigned by the Chairperson of the Judicial Council.