[No. C003520. Third Dist. July 22, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
RUDOLPH ISAAC SERNA, Defendant and Appellant.

## COUNSEL

Sheila Page Duke, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and J. Robert Jibson, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

SPARKS, J.—Defendant entered a negotiated plea of guilty to three counts of selling heroin (Health & Saf. Code, § 11352). He was sentenced to state prison for a total term of seven years and eight months. The trial court also ordered defendant to pay a restitution fine of $1,600 and to pay direct restitution to the victim in the sum of $120.

Defendant's sole contention is that the court erred in imposing the restitution fine pursuant to Government Code section 13967. According to defendant, on the facts of his case, only direct restitution was appropriate. We disagree, and shall affirm the judgment.

### DISCUSSION

Since the facts underlying defendant's conviction are not at issue on appeal, we have no occasion to recite them. Instead, we turn directly to the restitution question, the only issue on appeal.

Government Code section 13967 is designed to compensate crime victims for economic losses suffered as a direct result of a crime. It accomplishes that goal by providing both for restitutions fines and for direct restitution payments to victims. The fines are deposited in the Restitution Fund in the State Treasury. (Gov. Code, § 13967, subd. (b).) Those funds are then available to victims of crime who file an application for assistance. (Gov. Code, § 13961.) When an application is approved, the board may authorize a direct cash payment or other treatment or services. (Gov. Code, § 13965.) Absent federal funds, the maximum total award to or on behalf of a victim may not exceed $23,000. (Gov. Code, § 13965, subd. (a) (5).) These funds are derived from the application of subdivision (a) of section 13967. This subdivision provides in relevant part: "[I]f the [defendant] is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000). . . . Except as otherwise provided in Section 1202.4 of the Penal Code and subdivision (c) of this section, under no circumstances shall the court fail to impose the separate and additional restitution fine required by this section. . . ."[1]

In 1986, subdivision (c) was added to section 13967 to provide for payment of direct restitution. That subdivision states in part: "In cases in which a victim has suffered economic loss as a result of the defendant's criminal conduct, and the defendant is denied probation, in lieu of imposing all or a portion of the restitution fine, the court shall order restitution to be paid to the victim. Notwithstanding subdivision (a), restitution shall be imposed in the amount of the losses, but not to exceed ten thousand dollars ($10,000). . . ."

Defendant notes correctly that he was denied probation, and the victim suffered economic loss. But defendant is mistaken that the court under such circumstances may impose only a direct restitution assessment. Subdivision (c) authorizes direct restitution in lieu of "all or a portion of" the restitution fine.

■ Defendant argues that subdivision (c) unequivocally authorizes restitution to the victim in the amount of the losses "in lieu of" a restitution fine. In his view, "[w]hen subdivision (c) applies, as it does here, the court is mandated to order restitution to the victim in the amount of the loss *instead of* imposing all or a portion of the restitution fine. Subdivision (c) supersedes subdivision (a) when probation is denied and there has been an economic

---

[1] Penal Code section 1202.4 provides in relevant part that the restitution fine under subdivision (a) of section 13967 of the Government Code "shall be ordered regardless of the defendant's present ability to pay. However, if the court finds there are compelling and extraordinary reasons, the court may waive imposition of the fine."

loss to the victim." If defendant's construction were accepted, in cases where probation is denied and the victim has suffered a minor economic loss, say $10 to repair a window broken in a thwarted burglary, the court could only order payment of $10 to the victim and would be powerless to impose any restitution fine at all. Nothing about such a bizarre construction commends itself.

Moreover, defendant would read subdivision (c) of the statute as if it provided that "in lieu of . . . the restitution fine, the court shall order restitution to be paid to the victim." Such a construction would read the words "all or a portion of" completely out of the statute. Needless to say, one cannot properly construe a statute by ignoring its terms. ■ As the California Supreme Court has repeatedly instructed, a court is required to give effect to statutes according to the usual and ordinary import of the language employed in framing them. If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose. Consequently, a construction making some words surplusage is to be avoided. (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 658-659 [147 Cal.Rptr. 359, 580 P.2d 1155].)

■ If the words "in lieu of imposing all or a portion of the restitution fine" mean anything, they must mean that, in circumstances where subdivision (c) applies, the court may impose both a restitution fine and order restitution to the victim provided the total amount does not exceed $10,000. For example, if the direct restitution to be paid to the victim is set at $10,000, no restitution fine could be imposed. Such a sum would necessarily be in lieu of "all . . . of the restitution fine," since that is the maximum amount that could be fined. And by its own terms, subdivision (c) limits the direct restitution to the victim to $10,000. Consequently, in lieu of all the fine means instead of a $10,000 fine.

On the other hand, if the court imposed a $6,000 restitution fine, it would be free to order $4,000 be paid directly to the victim if he suffered losses in at least that amount. In that case, the $4,000 restitution to the victim would only be "in lieu of imposing . . . a portion of the restitution fine." Stated another way, in lieu of a portion of the fine means that the court may instead order restitution to the victim of that part of the $10,000 potential penalty not actually imposed as a fine.

Here, the court assessed a restitution fine in an amount $1,600, some $8,400 less than the $10,000 statutory maximum. Having done so, it was proper under subdivision (c) for the court to also order direct restitution to the victim, according to the losses he suffered, up to $8,400. Since the direct

restitution ordered here was only $120, no violation of the statutory limitations occurred. Consequently, the trial court properly ordered both direct restitution and a restitution fine.

The judgment is affirmed.

Puglia, P. J., and Blease, J., concurred.