[No. H004432. Sixth Dist. Mar. 9, 1989.]

THE PEOPLE, Plaintiff and Respondent.
JAMES FREY, Defendant and Appellant.

**COUNSEL**

Frank Offen, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M. Helfman and David Rose, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ELIA, J.**—Appellant James Frey was convicted of seven felony counts, sentenced to a term in state prison and ordered to pay restitution. On

appeal, he contends that the restitution fine imposed violated the requirements of Government Code section 13967, subdivision (c). We agree.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 1988, appellant pled guilty to seven felony counts including three counts of grand theft. (Pen. Code, §§ 484, 487, subd. 1.) The three counts of grand theft involved vehicles stolen from three different persons.

Appellant was sentenced to a term of five years and eight months in state prison. In addition, the trial court ordered "There is a restitution fine in lieu of—strike that. Restitution fine in lieu of the restitution fine in each count in an amount not to exceed ten thousand dollars." On the abstract of judgment-commitment form this fine was transcribed as "Restitution not to exceed $10,000.00 as to each xxxx/victim [*sic*]."

## DISCUSSION

Appellant's first argument is that the trial court's restitution order violated Government Code section 13967, subdivision (c) because it did not specify the exact amount of the fine and did not identify the losses to which the fine pertained.

Government Code section 13967, subdivision (c) provides in pertinent part: "In cases in which a victim has suffered economic loss as a result of the defendant's criminal conduct, and the defendant is denied probation, in lieu of imposing all or a portion of the restitution fine, the court shall order restitution to be paid to the victim. Notwithstanding subdivision (a), restitution shall be imposed in the amount of the losses, but not to exceed ten thousand dollars ($10,000). A restitution order imposed pursuant to this subdivision shall identify the losses to which it pertains, and shall be enforceable as a civil judgment." As demonstrated above, Government Code section 13967, subdivision (c) expressly requires that the court identify the losses for which the restitution is being granted. It specifically states that: "A restitution order . . . *shall identify the losses to which it pertains* and shall be enforceable as a civil judgment." (Italics added.) In addition, the statute requires that restitution "be imposed in the amount of the losses." It is settled that section 13967, subdivision (c) must be interpreted according to the usual and ordinary import of its language, with significance being given to every word and phrase. (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 658-659 [147 Cal.Rptr. 359, 580 P.2d 1155].) Accordingly, we believe the plain language of the

statute demonstrates that the losses and amount of the fine must be identified and stated on the record.

In this case, the trial court simply stated that the restitution fine was not to exceed $10,000 but did not specify the exact amount of the fine or identify the victim's losses. Indeed, the discrepancy between the court's order and the statement on the abstract of judgment form demonstrates that not only was the amount of the fine and victim's losses unclear, but the question of whether the fine was per count or per victim was also unresolved. As a consequence, we conclude that the restitution order was wholly ambiguous and therefore violated the requirements of section 13967, subdivision (c).

▮ Appellant's second argument is that the restitution order violated the $10,000 limit imposed by Government Code section 13967, subdivision (c) because the court imposed a $10,000 fine for each victim and/or each count.

Initially, it is important to note that it is not entirely clear whether the court imposed a fine of $10,000 per victim or $10,000 per count. While the trial court's order could be interpreted to impose a fine of $10,000 per count, the abstract of judgment-commitment form imposes a fine of $10,000 per victim. In any event, we conclude that either type of fine, $10,000 per victim or $10,000 per count, was improper.

Section 13967, subdivision (c) does not specifically state whether the $10,000 limit is to be applied per victim, per count, or per defendant. However, we believe that the close scrutiny of the statute and case law interpreting it demonstrates that the maximum fine which may be imposed is $10,000 regardless of the number of victims involved or counts charged.

In *People* v. *Downing* (1985) 174 Cal.App.3d 667 [220 Cal.Rptr. 225], the court interpreted section 13967, subdivision (a)[1] and concluded that "the

---

[1] Section 13967, subdivision (a) provides in part: "(a) Upon a person being convicted of any crime in the State of California, the court shall, in addition to any other penalty provided or imposed under the law, order the defendant to pay restitution in the form of a penalty assessment in accordance with Section 1464 of the Penal Code. In addition, if the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000). In setting the amount of the fine for felony convictions, the court shall consider any relevant factors including, but not limited to, the seriousness and gravity of the offense, and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, and the extent to which others suffered losses as a result of the crime. . . ."

restitution fine in felonies is limited to $10,000 regardless of the number of felony offenses and victims involved." (*Id.* at p. 672.) Similarly, in *People* v. *Vega-Hernandez* (1986) 179 Cal.App.3d 1084 [225 Cal.Rptr. 209], the court acknowledged that section 13967, subdivision (a) allowed a maximum fine of $10,000. (*Id.* at p. 1091.) Although 13967, subdivision (c) had not been enacted when *Downing* and *Vega-Hernandez* were decided, we do not believe that the Legislature, by enacting subdivision (c), intended to change the $10,000 limit. The fact that subdivision (c) states that it should be applied "in lieu of imposing all or a portion of the restitution fine" suggests that the $10,000 limit set forth in subdivision (a) should be equally applicable to subdivision (c). It would be incongruous for restitution to the victim to be imposed "in lieu of . . . all or a portion of the restitution fine" if the maximum fine was not the same under each subdivision.

Respondent argues that the words "a victim" and "the victim" in the singular within subdivision (c) indicate that the Legislature intended to supersede the limit imposed by *Downing* and *Vega-Hernandez* to allow *each* victim to recover up to $10,000. We are not persuaded by this argument. To interpret the language of the statute in the abstract and without reference to case law is unwarranted. In addition, *People* v. *Serna* (1988) 203 Cal.App.3d 728 [249 Cal.Rptr. 861], supports our conclusion that subdivision (a) and subdivision (c) should be read together to impose a maximum fine of $10,000 regardless of the number of victims or counts involved.

In *Serna,* the defendant was convicted of three counts of selling heroin. The trial court sentenced the defendant to a prison term and ordered a restitution fine pursuant to section 13967, subdivision (a) of $1,600 and restitution to the victim pursuant to section 13967, subdivision (c) of $120. On appeal, the defendant argued that he should only pay the direct restitution. The court affirmed and reasoned that ". . . the court may impose both restitution fine and order restitution to the victim provided the total amount does not exceed $10,000." (203 Cal.App.3d at p. 731.)

Finally, we note that the purpose of section 13967 is not to make the victim whole but to serve as an additional means of punishing the defendant. (*People* v. *Griffin* (1987) 193 Cal.App.3d 739, 740 [238 Cal.Rptr. 371].) For this court to conclude otherwise would exceed the scope of the statute and reduce the prosecutorial role to that of a collection agency. Accordingly, we conclude that the maximum fine which may be imposed pursuant to section 13967, subdivision (c) is $10,000 regardless of the number of victims or counts involved.

The restitution fine imposed by the trial court is ordered stricken and the matter remanded for imposition of a restitution fine in accordance with this opinion.

Agliano, P. J., Cottle, J., concurring.