[No. F010057. Fifth Dist. Aug. 7, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
BILLY JOE SUTTON, Defendant and Appellant.

[No. F011686. Fifth Dist. Aug. 7, 1989.]

In re BILLY JOE SUTTON on Habeas Corpus.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Facts and parts I through V and VII.

COUNSEL

Harvey R. Zall, State Public Defender, under appointment by the Court of Appeal, and George L. Mertens, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, J. Robert Jibson and Margaret Garnand Venturi, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**MARTIN, Acting P. J.**—Appellant, Billy Joe Sutton, was initially charged with 12 violations of the Penal Code.[1] On December 31, 1987, an amended information was filed charging appellant with forcible rape in violation of section 261, subdivision (2) (count I); first degree robbery in violation of sections 211 and 212.5 (count II); assault with a deadly weapon or by force likely to produce great bodily injury in violation of section 245, subdivision

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

(a)(1) (count III); and with burglary of an inhabited dwelling in violation of section 459 (count IV).

It was further alleged appellant personally inflicted bodily injury upon the victim during the commission of the rape in violation of section 12022.8 and, in connection with each remaining count, infliction of such injury was alleged within the meaning of section 12022.7.

On the date a jury trial was to commence, January 19, 1988, appellant made a motion *in limine* to suppress certain of his pretrial statements and to exclude certain letters under Evidence Code section 352. The court denied the motion to suppress and granted the motion to exclude the letters. The court then denied the prosecution's motion to exclude evidence that a number of charges previously filed against appellant had been dismissed and the information amended. This motion was renewed and granted on January 20, 1988.

Jury trial commenced on January 22, 1988, and the jury convicted appellant of all charges on January 29, 1988. The jury found all enhancement allegations to be true.

At the sentencing hearing, appellant moved for a new trial. The court sentenced appellant to a total term of 26 years and 4 months in state prison, imposed a restitution fine of $35,000 and granted custody credits totaling 298 days. The court then stayed the entire sentence one week to permit hearing on the appellant's motion for new trial.

Appellant filed a timely notice of appeal on that same date. On March 15, 1988, appellant's motion for new trial was denied.

On January 25, 1989, appellant also filed a petition for writ of habeas corpus alleging "newly discovered" evidence justifies a new trial.

This court consolidated the petition for writ of habeas corpus with this appeal by its order of February 23, 1989.[2]

FACTS*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

---

[2] The parties' request that this court take judicial notice of the record of the lower court proceedings is granted.

*See footnote, *ante*, page 1254.

DISCUSSION

I.-V.*

. . . . . . . . . . . . . . . . . . . . .

VI.   RESTITUTION FINE

In sentencing appellant on the basis of the gravity of the offense and the injuries to the victim, the trial court imposed a "restitution fine" pursuant to Government Code section 13967, subdivision (a) in the amount of $35,000 to be collected by the Director of Corrections.

■    Appellant contends the amount of a restitution fine is limited by the statute to a maximum of $10,000 and additionally appellant claims the trial court erred in designating the Director of Corrections to collect the fine.

Government Code section 13967, subdivision (a) provides: "Upon a person being convicted of any crime in the State of California, the court shall, in addition to any other penalty provided or imposed under the law, order the defendant to pay restitution in the form of a penalty assessment in accordance with Section 1464 of the Penal Code. In addition, if the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000). In setting the amount of the fine for felony convictions, the court shall consider any relevant factors including, but not limited to, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, and the extent to which others suffered losses as a result of the crime. Such losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Except as provided in Section 1202.4 of the Penal Code and subdivision (c) of this section, under no circumstances shall the court fail to impose the separate and additional restitution fine required by this section. This fine shall not be subject to penalty assessments as provided in Section 1464 of the Penal Code."

Respondent contends the maximum restitution fine is $10,000 per felony and that the court may order the Director of Corrections to collect the fine. According to respondent's argument, the language of Government Code section 13967, subdivision (a), does not clearly limit the fine regardless of

---

*See footnote, *ante*, page 1254.

the number of felonies, it merely restricts the fine to cases in which there is at least one felony conviction.

Respondent, while noting the "statute references the mandated fine as 'the fine for felony convictions,' in setting forth the factors relevant to setting the amount of the fine, the singular rather than the plural is used. . . ." Those factors are: ". . . The seriousness and gravity of the *offense* and circumstances of *its* commission, any economic gain derived by the defendant as a result of the *crime,* and the extent to which others suffered losses as a result of the *crime.* Such losses may include pecuniary losses to the *victim* . . . as well as intangible losses . . . ." (Gov. Code, § 13967, subd. (a), italics added.)

Respondent argues that these factors are unique to each felony. Further, since the fine is intended to indemnify crime victims, appellant's construction would seriously restrict the court's ability to order funds for the stated purpose while having no control over the number of people being indemnified. With the fine-per-felony limitation, respondent asserts that there is some ability to match the flow of funds to the number of victims.

According to respondent's theory, the restitution fine limit of $10,000 applies to each individual felony and, in this case, with four felony convictions, $35,000 did not exceed that limit.

Appellant, in his reply brief, counters that the plain words of the statute are clear; that "if the person is convicted of *one or more* felony offenses, the court shall impose a . . . fine of . . . not more than *ten thousand dollars* . . . ." (Italics added.) Furthermore, appellant argues that section 7 of the Penal Code mandates that a singular number includes the plural and the plural the singular. Thus, the singular context of the terms in the statute has no effect on the statement "one or more" contained in the sentence which provides the limits.

The California Constitution prohibits the imposition of a fine considered excessive. (Cal. Const., art. I, § 17.) Ten thousand dollars is the maximum fine that can be imposed under Government Code section 13967, subdivision (a). Government Code section 13967 does not specifically state whether the $10,000 limit is to be applied per victim, per count or per defendant. However, in the recent case of *People* v. *Frey* (1989) 209 Cal.App.3d 139 [256 Cal.Rptr. 810], the Sixth District Court of Appeal held that the maximum fine which may be imposed is $10,000 regardless of the number of victims involved or counts charged, as did the Fourth District in dicta appearing in *People* v. *Downing* (1985) 174 Cal.App.3d 667, 672 [220 Cal.Rptr. 225]. In *People* v. *Vega-Hernandez* (1986) 179 Cal.App.3d 1084,

1091 [225 Cal.Rptr. 209], the First District took the position that the applicable section does not provide for "orders greater than $10,000."

In *People* v. *Serna* (1988) 203 Cal.App.3d 728 [249 Cal.Rptr. 861], the defendant was convicted of three counts of selling heroin. The trial court sentenced the defendant to a prison term and ordered a restitution fine pursuant to Government Code section 13967, subdivision (a) of $1,600 and restitution to the victim pursuant to Government Code section 13967, subdivision (c) of $120. On appeal the defendant argued that he should only pay the direct restitution. The court affirmed and reasoned that ". . . the court may impose both a restitution fine and order restitution to the victim provided the total amount does not exceed $10,000." (*Id.* at p. 731.)

The Sixth District in the case of *People* v. *Frey, supra,* noted that the purpose of Government Code section 13967 is not to make the victim whole but to serve as an additional means of punishing the defendant. (*People* v. *Griffin* (1987) 193 Cal.App.3d 739, 741 [238 Cal.Rptr. 371].) The court stated that to conclude otherwise would exceed the scope of the statute and reduce the prosecutorial role to that of a collection agency. It concluded that the maximum fine which may be imposed pursuant to Government Code section 13967, subdivision (c) is $10,000 regardless of the number of victims or counts involved.

The restitution fine imposed by the trial court in *Frey* was ordered stricken and the matter remanded for imposition of a restitution fine in accordance with that opinion.

Thus, it is clear the prevailing view in other appellate districts is that the maximum fine that may be imposed in a criminal prosecution pursuant to Government Code section 13967 is $10,000 regardless of the number of victims or counts involved. The reasoning of *Frey* in this regard is persuasive and, in our view, is correct. Moreover, assuming arguendo Government Code section 13967 is ambiguous and susceptible of different interpretations, as respondent infers, the construction of the section that is more favorable to the defendant will be adopted. (§ 4; *People* v. *Moreland* (1978) 81 Cal.App.3d 11, 17 [146 Cal.Rptr. 118].) We conclude the trial court erred in imposing a $35,000 restitution fine and such fine must be stricken and the matter remanded for a new hearing on this limited issue.

Appellant's contention the trial court erred in directing the restitution fine be collected by the Director of Corrections is rejected. Section 2085.5 provides: "In any case in which a prisoner owes a restitution fine imposed pursuant to subdivision (a) of Section 13967 of the Government Code, the Director of Corrections may deduct a reasonable amount not to exceed 20

percent from the wages of a prisoner and shall transfer such amount, exclusive of the costs of administering the provisions of this section, which shall be retained by the director, to the State Board of Control for deposit in the Restitution Fund in the State Treasury. Any amount so deducted shall be credited against the amount owing on such fine. The sentencing court shall be provided a record of any such payments."

### VII.   MOTION FOR NEW TRIAL*

. . . . . . . . . . . . . . . . . . . . . .

The judgment of conviction and the sentence imposed are affirmed. The restitution fine imposed by the trial court pursuant to Government Code section 13967 is ordered stricken, and the matter is remanded for the limited purpose of imposition of a new restitution fine not to exceed $10,000 in accordance with this opinion. The petition for writ of habeas corpus is denied, but said denial is stayed until this opinion becomes final.

Stone (W. A.), J., and Baxter, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 15, 1989.

---

*See footnote, *ante*, page 1254.