[No. F016054. Fifth Dist. June 3, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
PATRICK HUGH COTTER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I.

**COUNSEL**

Handy Horiye, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, W. Scott Thorpe and Clayton S. Tanaka, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

STONE (W. A.), J.—

## THE CASE

A jury convicted defendant of attempted murder (Pen. Code, §§ 187, 664) and residential burglary (Pen. Code, §§ 459, 460) and found he personally used a firearm within the meaning of Penal Code section 12022.5, subdivision (a) and inflicted great bodily injury within the meaning of Penal Code section 12022.7. The court imposed a prison term of 15 years and 4 months and a restitution fine of $10,000, and ordered defendant to pay restitution to the victim in an undetermined amount. On appeal defendant raises two issues: one regarding the sufficiency of the evidence to sustain an attempted murder conviction, the other regarding the restitution orders.

### I

### SUFFICIENCY OF THE EVIDENCE*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

### RESTITUTION ORDERS

*The Facts*

As the result of gunshot wounds inflicted by defendant, the victim suffered injuries from which he remained incapacitated at the time of trial, more than a year after the crimes occurred. He could not return to work; he had undergone surgery on his left arm and had not yet regained full range of motion in that arm. He remained under the care of a physician.

In ordering restitution and apparently in reliance upon subdivisions (a) and (c) of Government Code[1] section 13967, at sentencing the court stated:

"Now, the Court orders that you make restitution to the victim. And, also, imposes a restitution fine of $10,000."

*Discussion*

■ Defendant argues the restitution order was not supported by the evidence and the order is illegal because the total restitution imposed would exceed statutory limits.

---

*See footnote, *ante*, on page 1671.

[1]All statutory references are to the Government Code unless otherwise indicated.

At the outset, and in response to defendant's first contention, we must remand the case to the trial court because the court failed to specify the amount of restitution to be paid directly to the victim. (*People* v. *Frey* (1989) 209 Cal.App.3d 139, 141-142 [256 Cal.Rptr. 810].) However, our analysis of the restitution issue cannot end with this conclusion. Because of an arguable inconsistency concerning the maximum amounts a court may order paid pursuant to subdivisions (a) and (c) of section 13967, we must discuss that possible discrepancy.

Construing an earlier 1986 version of section 13967,[2] *People* v. *Serna* (1988) 203 Cal.App.3d 728, 730-731 [249 Cal.Rptr. 861], held imposition of both a restitution fine and an order of direct restitution to the victim was lawful, provided the combined orders did not exceed $10,000. (*People* v. *Blankenship* (1989) 213 Cal.App.3d 992, 999 [262 Cal.Rptr. 141]; *People* v. *Sutton* (1989) 212 Cal.App.3d 1254, 1257-1259 [261 Cal.Rptr. 194]; see also *People* v. *Frey, supra,* 209 Cal.App.3d at pp. 142-143.)

In *Serna* the court relied upon that portion of subdivision (c) of section 13967 which states, "in lieu of imposing all or a portion of the restitution fine, the court shall order restitution to be paid to the victim," for its conclusion the Legislature authorized both a restitution fine and restitution to the victim, provided the total amount did not exceed $10,000. (*People* v. *Serna, supra,* 203 Cal.App.3d at p. 731.)

The Attorney General argues the 1990 amendment to section 13967[3] eliminated the $10,000 limitation upon the amount of direct restitution available to the victim. Consequently, *Serna* does not control the result in

---

[2]The 1986 version of section 13967 provided in part:

"(a)  Upon a person being convicted of any crime in the State of California, the court shall, in addition to any other penalty provided or imposed under the law, order the defendant to pay restitution in the form of a penalty assessment in accordance with Section 1464 of the Penal Code. In addition, if the person is convicted of one or more felony offenses, the court shall impose *a separate and additional restitution fine of* not less than one hundred dollars ($100) and *not more than ten thousand dollars ($10,000).* . . .

"     . . . . . . . . . . . . . . . . . . . . . . . . .

"(c)  In cases in which a victim has suffered economic loss as a result of the defendant's criminal conduct, and the defendant is denied probation, *in lieu of imposing all or a portion of the restitution fine, the court shall order restitution to be paid to the victim. Notwithstanding subdivision (a), restitution shall be imposed in the amount of the losses, but not to exceed ten thousand dollars ($10,000).* A restitution order imposed pursuant to this subdivision shall identify the losses to which it pertains, and shall be enforceable as a civil judgment. . . ." (Stats. 1986, ch. 1438, § 1, pp. 5140-5141.) (Italics added.)

[3]Portions of the 1990 version of section 13967 provide:

"(a)  Upon a person being convicted of any crime in the State of California, the court shall, in addition to any other penalty provided or imposed under the law, order the defendant to pay restitution in the form of a penalty assessment in accordance with Section 1464 of the

cases in which the crimes occurred after the effective date of the 1990 amendment.[4]

It is apparent from the 1990 version of subdivision (c) of section 13967 that full, unlimited restitution to be paid directly to a victim is possible, indeed, preferred: ". . . in lieu of imposing all or a portion of the restitution fine, the court shall order restitution to be paid to the victim. Notwithstanding subdivision (a), restitution shall be imposed in the amount of the losses, as determined. The court shall order full restitution unless it finds clear and compelling reasons for not doing so, and states them on the record. . . ."

Unlimited direct restitution to the victim first appeared in an intermediate 1989 amendment to section 13967:[5] ". . . in lieu of imposing all or a portion of the restitution fine, the court shall order restitution to be paid to the victim. Notwithstanding subdivision (a), restitution shall be imposed in the amount of the losses, as determined. . . ."

---

Penal Code and to pay restitution to the victim in accordance with subdivision (c). In addition, if the person is convicted of one or more felony offenses, the court shall impose *a separate and additional restitution fine of* not less than one hundred dollars ($100) and *not more than ten thousand dollars ($10,000)*. . . .

" . . . . . . . . . . . . . . . . .

"(c) In cases in which a victim has suffered economic loss as a result of the defendant's criminal conduct, and the defendant is denied probation, *in lieu of imposing all or a portion of the restitution fine, the court shall order restitution to be paid to the victim. Notwithstanding subdivision (a), restitution shall be imposed in the amount of the losses, as determined. The court shall order full restitution* unless it finds clear and compelling reasons for not doing so, and states them on the record. . . .

"*Restitution ordered pursuant to this subdivision shall, to the extent possible, be of a dollar amount that is sufficient to fully reimburse the victim, or victims, for all determined economic losses incurred as the result of the defendant's criminal conduct.*" (§ 13967, added by Stats. 1990, ch. 45, § 2.) (Italics added.)

[4]The crimes in this case occurred January 11 and 12, 1991.

[5]The pertinent portion of the 1989 amendment to section 13967 provides:

"(a) Upon a person being convicted of any crime in the State of California, the court shall, in addition to any other penalty provided or imposed under the law, order the defendant to pay restitution in the form of a penalty assessment in accordance with Section 1464 of the Penal Code. In addition, if the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000). . . .

" . . . . . . . . . . . . . . . . .

"(c) In cases in which a victim has suffered economic loss as a result of the defendant's criminal conduct, and the defendant is denied probation, *in lieu of imposing all or a portion of the restitution fine, the court shall order restitution to be paid to the victim.* Notwithstanding subdivision (a), *restitution shall be imposed in the amount of the losses, as determined.* . . .

"Restitution ordered pursuant to this subdivision shall, to the extent possible, be of a dollar amount that is sufficient to fully reimburse the victim, or victims, for all determined economic

The Legislature unequivocally expressed its intention to accomplish full restitution to the victim with its 1989 amendment:

"Existing law requires the defendant, upon conviction of a crime, to pay a restitution fine, in addition to any other penalty, which is collected as specified. In cases in which the victim has suffered economic loss as a result of the defendant's criminal conduct, and the defendant is denied probation, the court is required to order restitution in the amount of the losses, but not to exceed $10,000, to be paid to the victim, in lieu of imposing all or a portion of the restitution fine.

"This bill would delete the provision limiting the amount of the restitution to be paid for economic losses to $10,000, and would require that restitution be of a dollar amount sufficient to fully reimburse the victim for all verified economic losses incurred as a result of the defendant's criminal conduct." (Legis. Counsel's Dig., Sen. Bill No. 881, Stats. 1989, ch. 712, § 1; see also *People* v. *Crow* (1992) 4 Cal.App.4th 1473, 1484 [6 Cal.Rptr. 574].)

However, our inquiry cannot end simply with the recognition that a victim may now receive direct restitution beyond that allowable under the version of section 13967 with which *Serna* dealt, or that total restitution ordered can exceed the $10,000 limit established by the court in *Serna*. As each of the emphasized portions of the versions of section 13967 demonstrates (see fns. 2, 3 and 5, *ante*), significant language in section 13967 upon which the *Serna* court relied has not been changed throughout these legislative amendments: ". . . in lieu of imposing all or a portion of the restitution fine, the court shall order restitution to be paid to the victim."

We must reconcile the $10,000 limitation on restitution fines under subdivision (a), the "in lieu of" language in subdivision (c), and the unlimited restitution payable directly to the victim now provided in subdivision (c). In other words, because restitution to the victim is still "in lieu of" a restitution fine, what impact does unlimited restitution payable to the victim (potentially in excess of $10,000) have upon the $10,000 limit placed on a restitution fine?

---

losses incurred as the result of the defendant's criminal conduct." (Stats. 1989, ch. 712, § 1.) (Italics added.)

It seems to us there can be only one reconciliation of the language of the two subdivisions which is both logical and consistent with the intent of the Legislature as revealed in the legislative history of the amendments of section 13967: A restitution fine pursuant to subdivision (a) may be imposed, but the "in lieu of" language in subdivision (c) requires that if restitution to the victim is to be paid, the maximum restitution fine that can be imposed is not $10,000, but $10,000 less the amount of restitution to the victim. A credit toward the maximum restitution fine allowable must be given for that amount of direct restitution to be paid to the victim.

For example, if a defendant must pay $5,000 for restitution to the victim, a restitution fine may not exceed $5,000. This particular maximum limitation of this example is not because of the rationale in *Serna* (that total restitution may not exceed $10,000), but because of the offset or credit required by the "in lieu of" language which remains in subdivision (c) of section 13967. If direct restitution ordered paid directly to the victim exceeds $10,000, the offset or credit reduces to zero the maximum allowable restitution fine.

Any other interpretation would render the "in lieu of" language surplusage. (*People* v. *Frey, supra*, 209 Cal.App.3d at p. 141: "It is settled that section 13967, subdivision (c) must be interpreted according to the usual and ordinary import of its language, *with significance being given to every word and phrase*." (Italics added.)) Furthermore, we must presume the Legislature was aware of the *Serna* opinion and the issues it discusses when it amended section 13967 in 1989 and 1990. (*Estate of McDill* (1975) 14 Cal.3d 831, 837-839 [122 Cal.Rptr. 754, 537 P.2d 874].)

We find support for our interpretation in the legislative history of Assembly Bill No. 1893: "The likely increase of payments made directly to the victim under AB 1893 could impact the Restitution Fund. Court orders to pay restitution directly to the victim can be made in lieu of part or all of restitution fines. Since a portion of restitution fines are deposited into the Restitution Fund, this could reduce the amount in the fund. Conversely, a victim who receives direct restitution may not be filing a Victims of Crime claim or may file for a reduced amount. Therefore, the Restitution Fund may not be reimbursing his or her losses at all or may provide reduced reimbursement. The net impact on the Restitution Fund cannot be determined." (General Services, State and Consumer Services, Enrolled Bill Report on Assem. Bill No. 1893 (Mar. 31, 1990) p. 3, attached to letter to Governor Deukmejian from the Legis. Counsel dated Apr. 6, 1990; see *Keeler* v. *Superior Court* (1970) 2 Cal.3d 619, 630 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420].)

## DISPOSITION

We reverse that portion of the judgment which imposes a restitution fine and orders payment of restitution to the victim, and remand the case to the superior court with directions to redetermine those issues in accordance with this opinion. In all other respects we affirm the judgment.

Best, P. J., and Thaxter, J., concurred.

A petition for a rehearing was denied June 19, 1992.