Filed 5/28/13  P. v. Todd CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>URBAN TITUS TODD,<br><br>        Defendant and Appellant. | B239647<br><br>(Los Angeles County<br>Super. Ct. No. YA080371) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Eric C. Taylor, Judge.  Affirmed as modified.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Lawrence M. Daniels and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Urban Titus Todd pleaded no contest to aggravated assault and was sentenced to four years in state prison. On appeal, Todd contends imposition of restitution and parole revocation fines in the amount of $240 constituted an ex post facto application of the law, and his presentence custody credits were improperly calculated. We affirm the judgment as modified.

**FACTUAL AND PROCEDURAL BACKGROUND**

After he attacked Daniel Turner on February 20, 2011, Todd was charged in an information with one count of assault by means of force likely to produce great bodily injury (Pen. Code,[1] 245, subd. (a)(1)).[2] The information specially alleged Todd had suffered one prior conviction for a serious or violent felony within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and had served four separate prison terms for felonies within the meaning of section 667.5, subdivision (b). Represented by appointed counsel, Todd pleaded not guilty to the charge and denied the special allegations.

On January 12, 2012, Todd waived his constitutional rights and entered a negotiated plea of no contest to the aggravated assault charge and admitted the prior strike allegation. In accordance with the plea agreement, the trial court imposed a four-year state prison sentence, consisting of the two-year lower term doubled under the Three Strikes law.[3] The trial court awarded Todd 392 days of presentence credit (327 actual days and 65 days of conduct credit). The court assessed a $240 restitution fine (§ 1202.4, subd. (b)) and other fines and fees. It also imposed and suspended a parole revocation fine pursuant to section 1202.45.

_____

[1]    Statutory references are to the Penal Code.

[2]    Now section 245, subdivision (a)(4).

[3]    The prior prison term allegations were apparently dismissed as part of the plea agreement.

2

## DISCUSSION

### 1. *The Restitution and Parole Revocation Fines Shall Be Reduced to $200*

At sentencing, the trial court stated that it intended to impose a $240 restitution fine pursuant to section 1202.4, subdivision (b)(1) and to impose and stay a $200 parole revocation fine pursuant to section 1202.45. The court then stated, "It's 240 minimum now and the parole revocation now is also 240, that's stayed."

Todd correctly argues the $240 fines should both be reduced to $200, the minimum fine that could have been imposed pursuant to sections 1202.4, subdivision (b)(1) and 1202.45 when the crimes were committed, because to do otherwise violates ex post facto principles.[4] (See *People v. Saelee* (1995) 35 Cal.App.4th 27, 30-31.)

Although sentencing took place on January 12, 2012, and the minimum fines were increased to $240 as of January 1, 2012 (Stats. 2011, ch. 358, § 1), the minimum fines at the time Todd committed the offense were $200 (Stats. 1996, ch. 629, § 3). Because the trial court intended to impose the minimum fines, and the minimum fines at the time appellant committed the offense were $200, the fines should both be reduced to $200. (*People v. Downing* (1985) 174 Cal.App.3d 667, 672.)

### 2. *Todd's Presentence Custody Credits Were Improperly Calculated*

### a. *Recent history of section 4019*

Section 4019 governs conduct credits. Before January 25, 2010, subdivisions (b) and (c) of section 4019 provided, for "each six-day period in which a prisoner is confined in or committed to" a local facility, one day is deducted from the period of confinement for performing assigned labor and one day is deducted from the period of confinement for satisfactorily complying with the rules and regulations of the facility. (Stats. 1982, ch. 1234, § 7, p. 4553.) Former subdivision (f) of section 4019 provided, "[I]f all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody." (Stats. 1982, ch. 1234, § 7, p. 4554.)

---

[4] The People's claim is unavailing that Todd forfeited this contention by failing to object to the fines imposed in the trial court, because it constitutes an unauthorized sentence. (See *People v. Smith* (2001) 24 Cal.4th 849, 852-854.)

Effective January 25, 2010, section 4019 was amended to provide that certain defendants could earn presentence credits at the rate of two days for every two days in custody, commonly referred to as one-for-one credits. (Stats. 2009, 3rd Ex. Sess. 2009-2010, ch. 28, § 50.) Exempted from this amendment were registered sex offenders and defendants committed for a serious felony or who had prior serious or violent felony convictions. These defendants were subject to the pre-January 25, 2010 formula for calculating presentence credits. (§ 4019, former subds. (b)(2) & (c)(2).)

This amendment remained in effect until September 28, 2010, when urgency legislation was adopted restoring the calculation of custody credits to the pre-January 25, 2010 formula for crimes committed after the effective date of the revision. (Stats. 2010, ch. 426, § 2.) Then, in connection with other legislation relating to the Criminal Justice Realignment Act, effective October 1, 2011, section 4019 was once again amended to increase conduct credits, so that four days are deemed served for every two days in actual custody for crimes committed on or after October 1, 2011. (§ 4019, subds. (b), (c), (f); Stats. 2011, ch. 15, § 482.) This current version of section 4019 expressly provides, "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined . . . for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (§ 4019, subd. (h), fn. omitted.)

b. *The award of presentence credits is governed by the version of section 4019 in effect when Todd committed the aggravated assault*

Todd committed aggravated assault in February 2011, which means his presentence credits were to be calculated according to the pre-January 25, 2010 formula, requiring "that if all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody." (§ 4019, former subd. (f); Stats. 2010, ch. 426, § 2.) Todd contends and the People acknowledge, based on this formula, he is entitled to 489 days of presentence credits (327 actual days and 162 days of conduct credits).

4

## DISPOSITION

The judgment is modified to reflect a restitution fine pursuant to section 1202.4, subdivision (b) in the amount of $200 and a parole revocation fine pursuant to section 1202.45 in the amount of $200, the latter to be suspended unless Todd's parole is revoked. The judgment is also modified to reflect an award of 489 presentence custody credits, consisting of 327 actual days and 162 days of conduct credits. As modified the judgment is affirmed. The superior court is directed to prepare a corrected abstract of judgment and to forward it to the Department of Corrections and Rehabilitation.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**

**ZELON, J.**