Filed 7/8/15  P. v. Garges CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# **COPY**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE, | C076566 |
| Plaintiff and Respondent, | (Super. Ct. No. 120960) |
| v. | |
| CHARLES RAY GARGES, | |
| Defendant and Appellant. | |

Defendant Charles Ray Garges appeals the judgment imposed following his conviction for escape from custody.  Specifically, he appeals the trial court's order that he pay a restitution fund fine of $1,800, and the imposition of the corresponding $1,800 parole revocation fine.  Based on counsel's failure to object, we find this issue forfeited.  Anticipating this conclusion, defendant also contends he received ineffective assistance

1

of counsel. On this point, we agree with defendant. We will correct the fines and order the abstract of judgment amended accordingly.

FACTS AND PROCEEDINGS

In April 2012 defendant was an inmate at the Deadwood Conservation Camp, an institution within the California Department of Corrections and Rehabilitation. Defendant had been repeatedly advised of the boundaries of the camp and the consequences of being outside the boundaries. The boundaries are well marked.

One April evening, Correctional Officer Chad Tupman was conducting a perimeter check of the camp. He noticed an inmate near the roadway. Tupman confronted the inmate, defendant, and asked what he was doing. Defendant appeared nervous and answered he was looking for a "drop." A "drop" is a term used to describe a package of contraband left by a noninmate for an inmate just outside of camp limits. Tupman ordered defendant back to camp. Defendant apologized, complied with Tupman's order, and returned to camp. Tupman looked for the drop but could not find it.

An information charged defendant with escape from custody, a felony. (Pen. Code, § 4530, subd. (b); unless otherwise set forth, statutory references that follow are to the Penal Code.) The information also alleged defendant had a prior strike conviction (§§ 667, subd. (e), 1192.7) and had served five prior prison terms (§ 667.5, subd. (b)).

A jury found defendant guilty and, in bifurcated proceedings, defendant admitted the prior strike conviction and admitted that he had served three prior prison terms. On the People's motion, the trial court struck the remaining enhancement allegations. The trial court sentenced defendant to an aggregate term of six years in prison. The trial court also ordered defendant to pay various fines and fees including a restitution fund fine pursuant to section 1202.4, subdivision (b) and a matching parole revocation fine under section 1202.45. In imposing that fee, the trial court stated, "There is a restitution fine pursuant to Penal Code 1202.4(b), and that's $200 times the number of years. So that's

2

$1200." The clerk advised the court, "Your Honor, I believe that's been changed to $300." The court then stated, "Oh, I have the old form. I'm sorry. $1800."

DISCUSSION

Section 1202.4, subdivision (b)(2) states: "In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine . . . multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." Here, at sentencing, the trial court indicated it intended to impose a restitution fine "that's $200 times the number of years. So that's $1200." When the clerk advised the court the minimum fine amount was now $300, the court recalculated the fine to $1,800, or $300 times the number of years.

Defendant contends the imposition of an $1,800 restitution fund fine, and corresponding $1,800 parole revocation fine, was an unauthorized sentence. He argues by utilizing the 2013 version of section 1202.4, which has a $300 minimum, rather than 2012 version, which had a $240 minimum, the trial court violated the prohibition against ex post facto laws. He further asserts that, because the sentence was unauthorized, the issue is not forfeited by counsel's failure to object.

Defendant committed his crime in April 2012. At the time he committed his crime, the minimum restitution fine under section 1202.4, subdivision (b) was $240. (Former § 1202.4, Stats. 2011, ch. 358, § 1.) The statute was amended effective January 1, 2013, to provide: "the fine shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000)." (§ 1202.4, subd. (b)(1).)

Generally, a sentence is " 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331,

3

354 (*Scott*).) The $1,800 restitution fund fine does not meet this definition, because the $1,800 restitution fund fine was within the statutory limits. Thus, the trial court had the legal authority to impose a fine in that amount. (§ 1202.4, subd. (b); see *People v. Lewis* (2009) 46 Cal.4th 1255, 1321.) Because the sentence could lawfully be imposed, defendant was required to object in the trial court to preserve the issue for appeal. (*Scott,* at p. 354; *People v. Smith* (2001) 24 Cal.4th 849, 851-852.) In the absence of an objection, defendant has forfeited his claim of error. (*People v. McCullough* (2013) 56 Cal.4th 589, 599.)

"[A] restitution fine qualifies as punishment for purposes of the prohibition against ex post facto laws." (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30; see also *People v. Downing* (1985) 174 Cal.App.3d 667, 672.) Applying a later version of the statute constitutes an error and an ex post facto violation. "Nevertheless, the rule of forfeiture is applicable to ex post facto claims [citation], particularly where any error could easily have been corrected if the issue had been raised at the sentencing hearing." (*People v. Martinez* (2014) 226 Cal.App.4th 1169, 1189.)

Anticipating this conclusion, defendant also contends trial counsel rendered ineffective assistance of counsel by failing to object to the trial court's use of the incorrect minimum amount to calculate the restitution fund fine. The People properly concede this issue.

To prevail on an ineffective assistance of counsel claim, appellant must prove two elements: (1) trial counsel's deficient performance; and (2) prejudice as a result of that performance. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674] (*Strickland*).) Deficient performance is established if the record demonstrates that counsel's representation "fell below an objective standard of reasonableness under the prevailing norms of practice." (*In re Alvernaz* (1992) 2 Cal.4th 924, 937.) With respect to unfavorable sentencing issues, "a defense attorney who fails to adequately understand the available sentencing alternatives, promote their proper application, or pursue the most

4

advantageous disposition for his client may be found incompetent. [Citations.]" (*Scott, supra,* 9 Cal.4th at p. 351; see also *People v. Le* (2006) 136 Cal.App.4th 925, 936 [finding ineffective assistance of counsel where counsel failed to object to a fine calculation in which the court added counts where a punishment should have been stayed per § 654].) Further, "[e]ven where deficient performance appears, the conviction must be upheld unless the defendant demonstrates prejudice, i.e., that, ' " 'but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " ' [Citations.]" (*People v. Anderson* (2001) 25 Cal.4th 543, 569.)

Here, both prongs of *Strickland* are satisfied. The record before us indicates the trial court relied on the formula in section 1202.4, subdivision (b)(2) to calculate the amount of the restitution fund fine, the minimum fine times the number of years times the number of felony counts. Trial counsel failed to object to the trial court's mistaken statement of the minimum statutory fine. It is reasonably probable the court would have imposed a smaller restitution fund fine, and corresponding parole revocation fine, if trial counsel had objected at sentencing to the use of the wrong minimum in the formula. Specifically, the trial court would have used the $240 minimum and imposed a restitution fund fine and corresponding parole revocation fine of $1,440, rather than $1,800 fines respectively. We therefore conclude that defendant here suffered ineffective assistance of counsel.

DISPOSITION

The judgment is modified to reduce the restitution fund fine, and corresponding parole revocation fine, from $1,800 to $1,440. The trial court shall prepare an amended abstract of judgment reflecting this modification and forward the amended abstract to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.


      HULL      , J.


We concur:


      NICHOLSON   , Acting P. J.


      RENNER    , J.

6