[No. F021535. Fifth Dist. Nov. 23, 1994.]

In re ENRIQUE Z., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ENRIQUE Z., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, IIA and IIB 2.

COUNSEL

David P. Muth, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Jo Graves and Jesse Witt, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ARDAIZ, P. J.—Appellant, Enrique Z., a minor, was adjudged a ward of the court in June 1992 after he admitted an allegation contained in a petition filed pursuant to Welfare and Institutions Code section 602 that he committed grand theft, in violation of Penal Code section 487. Appellant was continued as a ward of the court in October 1992 after admitting allegations, contained in a supplemental petition, that he committed the offenses of vandalism (Pen. Code, § 594, subd. (b)(4)) and public intoxication (Pen. Code, § 647, subd. (f)). In April 1994, appellant admitted allegations, contained in another supplemental petition, that he committed the offenses of grand theft (Pen. Code, § 487, subd. (a)) and robbery (Pen. Code, § 212.5); that he used a knife in the commission of the robbery (Pen. Code, § 12022.5, subd. (b)); and that he violated his probation (Welf. & Inst. Code, § 777, subd. (a)). The court committed appellant to the California Youth Authority (CYA) for a period not to exceed six years eight months, less twenty-three days. The court also imposed a $100 restitution fine, and ordered direct restitution to the victim in the amount of $926.94.

In the unpublished portion of this opinion, we will find to be without merit appellant's claim that the court erred in committing him to CYA, and we

will accept his claim that the restitution fine should be reduced to $73.06 because of the court's failure to allow him credit for the amount of direct restitution ordered toward the $1,000 maximum restitution fine allowable. In the published portion, to which the facts of the offense and juvenile court proceedings are not relevant, we will hold that imposition of the Welfare and Institutions Code section 730.6, subdivision (b) restitution fine in the statutory minimum amount of $100 does not require a consideration of or finding of the minor's ability to pay.

I.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II.

DISCUSSION

A. *Commitment to CYA**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

B. *Restitution Fine*

 1. *Ability to Pay*

Welfare and Institutions Code section 730.6 refers to two restitution fines.[4] (*In re Steven F.* (1994) 21 Cal.App.4th 1070, 1076-1079 [26 Cal.Rptr.2d 604].) First, the statute provides for a "restitution fine" (§ 730.6, subd. (a)) which "shall be in the form of a penalty assessment in accordance with Section 1464 of the Penal Code." (§ 730.6, subd. (b).) Secondly, subdivision (b) of section 730.6 makes mandatory in the case of a "person . . . found to be a person described in Section 602 by reason of the commission of one or more felony offenses[,] . . . a separate and additional restitution fine of not less than one hundred dollars ($100), subject to the defendant's ability to pay, and not more than one thousand dollars ($1,000)."

In the instant case, the juvenile court imposed the $100 fine pursuant to subdivision (b).[5] Appellant, relying on this court's decision in *In re Steven F., supra*, 21 Cal.App.4th 1070, contends remand is required because

---

*See footnote, *ante*, page 464.

[4]All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

[5]The following statement from *In re Steven F., supra*, 21 Cal.App.4th 1070-1079 is applicable here: "[T]he [section 730.6,] subdivision (a) 'fine' supposes a separate fine, penalty, or forfeiture has already been imposed. Without such a fine or penalty there can be nothing upon which to base a penalty assessment. It follows that where, as here, there is no underlying fine or penalty, subdivision (a) does not apply. . . . [¶] Here, [the minor] was found to be a person described in section 602 by reason of his having committed [a] felony . . . . As a result, he was subject to the restitution fine mandated by subdivision (b)."

the court imposed such a fine without considering, on the record, his ability to pay. We disagree. *Steven F.* is not authority for the proposition that before imposing a section 730.6, subdivision (b) restitution fine, a court is required to consider, on the record, the minor's ability to pay. (*In re Damien C.*■ (Cal.App.).) Moreover, as we explain below, section 730.6, subdivision (b) does not require the court to consider a minor's ability to pay where, as here, it imposes the statutory minimum fine of $100.

Resolution of this issue requires a review of the statutory scheme of restitution fines for both juvenile and adult offenders. In the context of the adult offender, Penal Code section 1202.4, subdivision (a) provides: "In any case in which a defendant is convicted of a felony, the court shall order the defendant to pay a restitution fine as provided in subdivision (a) of Section 13967 of the Government Code. Such restitution fine shall be in addition to any other penalty or fine imposed and shall be ordered regardless of the defendant's present ability to pay. However, if the court finds that there are compelling and extraordinary reasons, the court may waive imposition of the fine."

As of 1992, Government Code section 13967, subdivision (a) required imposition of a mandatory restitution fine of between $100 and $10,000 if the defendant was convicted of a felony, payable to the State Restitution Fund, without prior consideration of the defendant's ability to pay absent " 'compelling and extraordinary reasons.' " (*People* v. *McGhee* (1988) 197 Cal.App.3d 710, 715 [243 Cal.Rptr. 46].) The statute was amended in 1992 by Senate Bill No. 1444 (Stats. 1992, ch. 682, § 4), increasing the minimum fine to $200 and adding language regarding the defendant's ability to pay: "[T]he court shall impose a separate and additional restitution fine of not less than two hundred dollars ($200), subject to the defendant's ability to pay, and not more than ten thousand dollars ($10,000)." (Gov. Code, § 13967, subd. (a).) The legislative history of Senate Bill No. 1444 reveals that it was intended as a measure to increase revenues into the restitution fund, which was being depleted due to the disparity between the number of claims filed by victims and the diminished revenue received into the fund.

■ After reviewing this legislative history and harmonizing Government Code section 13967, subdivision (a) and Penal Code section 1202.4, we conclude the law requires the sentencing court, in the adult offender context, to impose a mandatory restitution fine of at least the statutory minimum of $200: Penal Code section 1202.4 unequivocally requires imposition of the mandatory fine regardless of the present ability to pay, and Government Code section 13967, subdivision (a) sets the statutory minimum of $200. Penal Code section 1202.4, however, permits waiver of the mandatory restitution fine if the court finds compelling and extraordinary reasons. Thus,

the sentencing court is not required to make a finding of a defendant's ability to pay before imposing the statutory minimum fine upon a finding of compelling and extraordinary reasons. An ability-to-pay finding is required only where the court imposes a restitution fine exceeding the statutory minimum.

Senate Bill No. 1444 also amended subdivision (b) of section 730.6; prior to the amendment, as now, the court was required to impose a "separate and additional" restitution fine in the case of a minor found to have committed a felony offense. The 1992 amendment added, in language virtually identical to that in the amended version of its Government Code counterpart, language regarding ability to pay: "[T]he court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100), subject to the defendant's ability to pay, and not more than one thousand dollars ($1,000)." (§ 730.6, subd. (b).)

We recognize that the ability-to-pay language in section 730.6, subdivision (b), taken by itself, appears to require an ability-to-pay finding regardless of whether the court imposes a minimum fine or a fine in excess of $100. We also recognize that Penal Code section 1202.4 is not applicable in the instant case, and that there is no analogous statute in the juvenile-offender context that makes a section 730.6, subdivision (b) restitution fine mandatory regardless of present ability to pay.[6] Despite these differences, we conclude that the Legislature intended that the requirement of an ability-to-pay finding be the same for both juveniles who commit felonies and adult felony offenders.

We are guided by the following principles of statutory construction: " ' "[A] statute should be construed with reference to the entire statutory system of which it forms a part in such a way that harmony may be achieved among the parts . . . ." ' " (*People v. Caudillo* (1978) 21 Cal.3d 562, 576 [146 Cal.Rptr. 859, 580 P.2d 274], disapproved on other grounds in *People v. Escobar* (1992) 3 Cal.4th 740, 751, fn. 5 [12 Cal.Rptr.2d 586, 837 P.2d 1100].) "The literal meaning of the words of a statute may be disregarded to avoid absurd results or to give effect to manifest purposes that, in the light of the statute's legislative history, appear from its provisions considered as a whole." (*Silver v. Brown* (1966) 63 Cal.2d 841, 845 [48 Cal.Rptr. 609, 409 P.2d 689].)

For all practical purposes, the statutory schemes for restitution fines for adults and juveniles are analogous. Both Government Code section 13967,

---

[6]Section 730.6, subdivision (c) provides, in language nearly identical to that in Penal Code section 1202.4, "The restitution fine shall be in addition to any other disposition or fine imposed and *shall be imposed regardless of the minor's present ability to pay.*" (Italics added.) However, the "restitution fine" referred to here is "not . . . the 'separate and additional' felony restitution fine described in [section 730.6,] subdivision (b) . . . ." (*In re Steven F., supra*, 21 Cal.App.4th at p. 1077.)

subdivision (a) and section 730.6, subdivision (b) were amended at the same time, by the same bill, pursuant to the same legislative intent. The 1992 amendments added ability-to-pay requirements to both statutes, in nearly identical language. Here, based on the entire statutory scheme of restitution fines for adult and juvenile offenders, and the purpose of the 1992 amendments, i.e., to increase the revenues into the restitution fund, we conclude that, as with a restitution fine imposed under subdivision (a) of Government Code section 13967, the court need not consider ability to pay or make an ability-to-pay finding in imposing a section 730.6, subdivision (b) fine, unless the fine exceeds the statutory minimum. Here, the court imposed a minimum fine of $100. Neither consideration of ability to pay nor a finding of ability to pay was required.

As indicated above, we recognize the absence in the juvenile context of a statutory requirement analogous to that in Government Code section 13967, subdivision (a) that a section 730.6, subdivision (b) restitution fine shall be imposed regardless of present ability to pay. Given the strong similarity in the statutes, their purpose, their language, and the timing of their amendments, and in light of the principles of statutory construction set forth above, this omission appears to be a drafter's oversight.

Appellant's reliance on this court's decision in *In re Steven F., supra*, 21 Cal.App.4th 1070 is misplaced. There, the court stated that the juvenile court erred in imposing a section 730.6, subdivision (b) restitution fine because the fine "was imposed without any discussion of his financial circumstances or a finding by the court of his ability to pay." (21 Cal.App.4th at pp. 1079-1080.) Appellant claims the court here made the same error. However, appellant's case is different. In *Steven F.*, the court imposed a $150 restitution fine, more than the $100 minimum. *Steven F.* has no applicability here, where the court imposed the minimum fine.

2. *Maximum Restitution Fine\**

. . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The trial court is directed to prepare an amended abstract of judgment which reflects a restitution fine of $73.06, and to forward a copy of same to the appropriate authorities. As so modified, the judgment is affirmed.

Stone (W. A.), J., and Harris, J., concurred.

A petition for a rehearing was denied December 22, 1994, and the opinion was modified to read as printed above.

---

\*See footnote, *ante*, page 464.