[No. F023084. Fifth Dist. Feb. 28, 1996.]

In re PAUL R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
PAUL R., Defendant and Appellant.

COUNSEL

Rudolph G. Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Roger E. Venturi and Ward A. Campbell, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STONE (W. A.), Acting P. J.**—In *People* v. *Cotter* (1992) 6 Cal.App.4th 1671 [8 Cal.Rptr.2d 606], this court held a restitution fine cannot be imposed pursuant to Government Code section 13967, subdivision (a) if victim restitution imposed *in lieu of all or a portion of that fine* under subdivision (c) of that code section equals or exceeds the $10,000 maximum fine allowable under subdivision (a). In this case we will conclude that our reasoning in *Cotter* is equally germane to juvenile court restitution orders. In order to determine whether restitution ordered in this case exceeds the $1,000 maximum for a juvenile restitution fine, we must decide whether the restitution orders arise from a single proceeding or separate proceedings. We will conclude the orders arise out of a single proceeding and the total of victim restitution and restitution fines exceed the $1,000 restitution fine limit.

The issues arise from these facts:

An original petition No. 77577 filed July 18, 1994, alleged five counts of criminal conduct by the minor—counts I, II, IV and V alleging felonies and count III alleging a misdemeanor. Each count included the maximum time of confinement to which the minor would be exposed if the charge was determined to be true. The petition alleged that by reason of these offenses, the minor came within the provisions of Welfare and Institutions Code[1] section 602. Pursuant to an agreement, the minor admitted counts I and II charging violations of Penal Code section 12020, subdivision (a) (possessing sawed-off firearms), and the court dismissed the three remaining counts, including count IV, a residential burglary. The parties agreed the dismissed counts could be considered for the purpose of determining restitution.

At the dispositional hearing on August 1, 1994, the court declared the minor to be a ward of the juvenile court, placed him on probation and

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise noted.

committed him to a local facility, Camp Erwin Owen. Pursuant to former section 729.6,[2] the court ordered the minor to pay direct victim restitution "in an amount to be determined at the rate of at least $10.00 per month," and "[i]f restitution to the victim is determined to be zero, he is ordered to pay $100.00 to the restitution fund at the rate of at least $10.00 per month . . . ." In a separate part of the order, because the minor's offenses were felonies, the court ordered the minor to pay a separate and additional restitution fine in the amount of $100 pursuant to former section 730.6, subdivision (b).[3] This fine was stayed pending successful completion of probation. (Former § 730.6, subd. (d).)

On September 15, 1994, the prosecutor filed an additional petition, No. 77577-01, alleging two counts of residential burglary, both felonies, which occurred in June 1994, before the prosecution filed the original petition. This second petition alleged the minor came within the provisions of section 602 by reason of these offenses. The only confinement time set out in this petition pertained to the two alleged burglaries. The People amended the petition to allege just one count of residential burglary, and on October 21, 1994, the minor admitted that count. The court found the maximum confinement time to be six years based solely on the current residential burglary.

The court again committed the minor to Camp Erwin Owen and ordered victim restitution "in an amount to be determined at the rate of at least $20.00 per month[.]" Again, because the offense was a felony, the court imposed a separate and additional restitution fine in the amount of $100 which was stayed pending successful completion of probation. (Former § 730.6, subds. (b) & (d).)

The minor did not perform satisfactorily at Camp Erwin Owen and was soon back before the court on a supplemental petition (§ 777, subd. (a)) alleging a violation of probation by his conduct at the camp. The supplemental petition was No. 77577-02. It did not designate a particular time of confinement, but stated, "NOTICE, Petitioner intends to aggregate available confinement time on all prior petitions." The minor admitted a probation violation, and on December 13, 1994, the court conducted a dispositional

---

[2]Former section 729.6 provided in part, "(a) If a minor is found to be a person described in Section 602, . . . the court shall require as a condition of probation, that the minor make restitution as follows: [¶] (1) To the victim, if the crime involved a victim. . . . [¶] (2) To the Restitution Fund, if the crime did not involve a victim."

[3]Former section 730.6, subdivision (b) provided in part "[i]f the person is found to be a person described in Section 602 by reason of the commission of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100), subject to the defendant's ability to pay, and not more than one thousand dollars ($1,000). . . ."

hearing. In a report prepared for the dispositional hearing, the probation officer determined the loss attributable to the minor for the crimes which were the subject of the earlier August 1 dispositional hearing amounted to $250, and the loss attributable to the minor for the crime which was the subject of the October 21 dispositional hearing amounted to $2,452. However, following argument by minor's counsel, the court reduced this latter amount to $750.

The court ordered the minor committed to the California Youth Authority for a period not to exceed seven years four months (based upon a principal term of six years for burglary and two subordinate terms of eight months each—one-third the midterm for possession of sawed-off weapons). The court further ordered the minor to pay restitution to the first victim in the amount of $250 and to the second victim in the amount of $750. The court then set aside the stay orders for each of the $100 restitution fines, the first ordered on August 1 and the second on October 21. (Former § 730.6, subd. (e).)

## DISCUSSION

On appeal the minor asserts the two $100 restitution fines constitute an illegal disposition because (1) the maximum restitution fine allowable under former section 730.6, subdivision (b) is $1,000 and since the victim restitution orders totaled $1,000, the additional $200 in restitution fines exceeds the maximum allowable by the statute for a restitution fine; (2) the court could impose only one restitution fine because this is one proceeding; and (3) the record does not support the minor's ability to pay the restitution fines.

Respondent acknowledges that the two $100 restitution fines were imposed pursuant to former section 730.6, subdivision (b). Yet, respondent contends the court did not err because it *could* have imposed a separate and unrelated restitution fine pursuant to former section 730.6, subdivision (a)[4] which *could* have far exceeded the amounts we deal with here. We need not decide whether the court *could* have required the minor to pay a fine to the Restitution Fund under subdivision (a). (See *In re Steven F.* (1994) 21 Cal.App.4th 1070, 1078-1079 [26 Cal.Rptr.2d 604].) The simple answer to respondent's contention: that is not what the court did; its fine stemmed from subdivision (b), not subdivision (a), and the parties so agree. We view the

---

[4]Former section 730.6, subdivision (a) provided, "When a minor is found to be a person described in Section 602, in addition to any other disposition authorized by law, the court shall levy a restitution fine which shall be deposited in the Restitution Fund, the proceeds of which shall be distributed pursuant to subdivision (b) of Section 13967 of the Government Code."

issues the minor raises solely within the context of the restitution fine provided in former section 730.6, subdivision (b).

 The pivotal issue for all of the minor's contentions is whether the two restitution fines imposed by the court, the first at the August 1 hearing and the second at the October 21 hearing, arise from one disposition or two. If the fines arise from one disposition, then the victim restitution would total $1,000, and since former section 730.6, subdivision (b) limits a restitution fine in a juvenile proceeding to a maximum of $1,000, the reasoning of *People* v. *Cotter*, *supra*, 6 Cal.App.4th 1671 would preclude the imposition of any restitution fine. All other points would become moot.

If, however, the imposition of each restitution fine arises from a separate disposition, these conclusions would flow: (1) two restitution fines would be proper because they arise from separate proceedings; (2) the amount of each restitution fine is the minimum required by former section 730.6, subdivision (b), and therefore, the court need not find an ability to pay (*In re Enrique Z.* (1994) 30 Cal.App.4th 464 [36 Cal.Rptr.2d 132]); and (3) neither the victim restitution ($250) coupled with the restitution fine in the first disposition, nor the victim restitution ($750) coupled with the restitution fine in the second disposition equal or exceed the $1,000 restitution fine limit.

## I.

The sole authority upon which the minor rests his assertion that there was but one disposition in his case is *People* v. *McNeely* (1994) 28 Cal.App.4th 739 [33 Cal.Rptr.2d 582]. McNeely entered a guilty plea to eight residential burglaries and admitted he took property valued at more than $25,000. While on bail awaiting sentencing, McNeely committed two more burglaries, to which he also pled guilty in a separate case. At the same hearing, the court sentenced McNeely in both cases to a principal term of two years for one burglary, and consecutive subordinate terms of one-year four months each for the remaining nine burglaries. The court further ordered him to pay $93,000 as restitution to the victims. (*People* v. *McNeely*, *supra*, 28 Cal.App.4th at p. 742.)

At the time McNeely committed his crimes, Government Code section 13967, subdivision (c), limited victim restitution to a maximum of $10,000 (*People* v. *McNeely*, *supra*, 28 Cal.App.4th at p. 743), and an issue in the case was whether the court could order up to $10,000 in restitution for the eight victims in the first case with eight burglaries *and* up to $10,000 in restitution for the two victims in the second case. If not, the court was limited to an order of $10,000 for restitution to all victims. The Court of

Appeal ordered the total restitution order reduced to $10,000, reasoning the trial court had "combined the charges in both cases in imposing the prison term and ordering restitution . . . ." (*Id.* at p. 744.) Thus, the court concluded, "We do not believe this creates separate sentencing proceedings on the two cases." (*Ibid.*)

In contrast to *McNeely*, in this case the court conducted two separate dispositional hearings following the minor's admissions to the charges in two separate section 602 petitions. Indeed, the second petition was not filed until after the first disposition had occurred and the minor was confined in Camp Erwin Owen. The second disposition could not have been combined with the first. At the second disposition hearing the court did not mention the confinement time available from the first disposition, nor did it make the terms arising from the charges of either petition principal or subordinate. Had the minor successfully completed his Camp Erwin Owen term and had he not violated any other terms of probation, he would have faced victim restitution orders of $250 and $750 respectively, as well as two restitution fines of $100. They were valid orders stemming from two separate proceedings.

However, the minor violated probation by failing to comply with the rules of Camp Erwin Owen, and following his admission, the court imposed its disposition on December 13. In that disposition the court imposed a different and harsher penalty, a commitment to the California Youth Authority. The maximum confinement time the court fixed was seven years four months, based upon six years for burglary as the principal term (from the second petition) and two consecutive subordinate terms of eight months each for two counts of possession of sawed-off firearms (from the first petition). Now, the question becomes, does the intervening hearing on December 13 change the nature of the disposition to make it one proceeding and subject to the holding in *McNeely*? To answer that question we consider the nature of a proceeding pursuant to section 777, subdivision (a). That section provides the means by which the juvenile court may, if previous orders of the court have not proved effective in the rehabilitation or protection of the minor, change previous orders, including the imposition of a commitment to the California Youth Authority.

■ Our Supreme Court, in *In re Arthur N.* (1976) 16 Cal.3d 226 [127 Cal.Rptr. 641, 545 P.2d 1345], has noted that a section 777 proceeding is not merely one to determine whether a probation term has been violated and the original sentence should be executed. The consequences are potentially far more severe, and the proceeding is not the juvenile equivalent of an adult probation revocation hearing. (*In re Arthur N., supra,* 16 Cal.3d at pp. 235-236.)

"Thus, while the adult whose probation is revoked may not be subjected to any greater punishment than that provided for the original offense, . . . a 602 ward adjudged so on the basis of a minor offense, may be removed from the parents' home and subjected to increasingly severe and restrictive custody which exceeds that which would have been permissible initially, if he is later found on a supplemental petition to have committed additional acts of misconduct. . . .

"Commitment to the Youth Authority in particular, brings about a drastic change in the status of the ward which not only has penal overtones, including institutional confinement with adult offenders, but also removes the ward from the direct supervision of the juvenile court. . . ." (*In re Arthur N.*, *supra*, 16 Cal.3d at pp. 237-238, fn. omitted.)

In this case, as we have observed, the court committed the minor to the California Youth Authority in lieu of his commitment to Camp Erwin Owen. It fixed his maximum confinement time by *combining* both his weapons and his burglary adjudications. And it established his victim restitution obligation: $250 to one victim and $750 to another. Accordingly, we conclude based upon *People* v. *McNeely*, *supra*, 28 Cal.App.4th 739, the minor's disposition arose from a single proceeding.

## II.

Next we must determine whether our holding in *People* v. *Cotter*, *supra*, 6 Cal.App.4th 1671 precludes imposition of any restitution fine. We conclude that it does.

In *Cotter*, Government Code section 13967, subdivisions (a) and (c) required the court to impose upon anyone convicted of a felony a restitution fine of not less than $100 and not more than $10,000, and "in lieu of . . . all or a portion" of that fine, to pay restitution to a victim. (*People* v. *Cotter*, *supra*, 6 Cal.App.4th at p. 1675.) After examining the plain language of the sections relevant to restitution and after reviewing the corresponding legislative history and what few cases touched upon the subject, we came to this conclusion: "A restitution fine pursuant to subdivision (a) may be imposed, but the 'in lieu of' language in subdivision (c) requires that if restitution to the victim is to be paid, the maximum restitution fine that can be imposed is not $10,000, but $10,000 less the amount of restitution to the victim. . . ." (*Id.* at p. 1677.)

In this case, former section 730.6, subdivision (b) requires the court to impose upon a person found to be a person described in section 602 by

reason of the commission of a felony a restitution fine of not less than $100 and not more than $1,000. Section 731.1 requires the court to impose victim restitution "in lieu of imposing all or a portion" of that fine when the victim has suffered economic loss as a result of the minor's criminal conduct.

The language of these sections, applicable to juvenile proceedings, parallels Government Code section 13967, subdivisions (a) and (c), applicable to adult proceedings, and with which we dealt in *Cotter*. There is no cogent reason to interpret the language any differently in this context. We conclude that because the minor's victim restitution totaled $1,000, the offset or credit for that amount "reduces to zero the maximum allowable restitution fine." (*People* v. *Cotter*, *supra*, 6 Cal.App.4th at p. 1677.)

The juvenile court erred when it imposed two restitution fines of $100 each.

## III.

Respondent claims the minor cannot raise the issue of the restitution fines because he failed to object to their imposition before the juvenile court. However, we have determined under the circumstances here presented, the restitution fines exceeded the court's statutory authority, and thus the issue has not been waived. (*People* v. *Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040].)

## DISPOSITION

The judgment is modified to strike the two restitution fines of $100, and, as modified, the judgment is affirmed.

Dibiaso, J., and Harris, J., concurred.