Filed 10/30/14  In re M.J. CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re M.J., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | F067730 |
| Plaintiff and Respondent, | (Kings Super. Ct. No. 09JQ0105B) |
| v. | |
| M.J., a Minor, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  James T. LaPorte, Judge.

Candice L. Christensen, under appointment by the Court of Appeal, for Defendant and Appellant.

---

[*] Before Poochigian, Acting P.J., Franson, J. and Peña, J.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Charity S. Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

After a contested jurisdiction hearing, appellant M.J. was declared a ward of the juvenile court (Welf. & Inst. Code,[1] § 602) after the court found he committed felony second degree commercial burglary (Pen. Code, § 459) and misdemeanor theft (Pen. Code, § 484, subd. (a)).  He was placed on probation subject to certain terms and conditions.

On appeal, appellant does not challenge the court's jurisdictional findings as to his commission of the two offenses.  Instead, he contends the matter must be remanded because the court failed to make appropriate findings at the dispositional hearing when it imposed certain fees, fines, and costs.  We agree and remand.

## FACTS

On February 8, 2013, Jagmit Kaurmatharu was working by herself[2] as a clerk at Global Luggage store, which was located in the Hanford Mall.  In addition to luggage, the store's merchandise included sports jackets, which sold for about $200 each.

Sometime after 8:00 p.m., the fire alarm sounded and the entire building was evacuated.  There were no customers in Global Luggage.  Kaurmatharu went outside and waited for the fire alarm to stop.

---

[1] All further statutory citations are to the Welfare and Institutions Code unless otherwise indicated.

[2] The People's brief incorrectly identifies Kaurmatharu as a man.

2.

As Kaurmatharu stood outside, she saw someone walk into the store. She went back into the store to speak to the customer. As they were talking, more than seven boys entered the store together.

Kaurmatharu told everyone the store was closed because of the fire alarm. The boys ignored her, remained in the store, and tried on clothing. Kaurmatharu again told them to leave and return the clothing to the racks. The boys argued with her and resisted her attempts to retrieve the clothes. The boys were talking and laughing with each other.

As one boy continued to argue with Kaurmatharu, another boy walked out wearing the store's clothing without paying for it. Kaurmatharu tried to stop him from leaving with the merchandise, but she was pushed into a cement pillar by the boy who had been arguing with her. The boys left the store, and some of them had merchandise they had not paid for. Kaurmatharu called mall security and the police and reported the thefts.

The police detained appellant and several minors in the mall's parking lot. Some of the minors were wearing team sports jackets taken from the store. One minor had the store's price tags in his pocket. Appellant did not have any stolen merchandise.

Kaurmatharu was escorted to the scene and identified appellant as one of the boys who was in the store when the incident occurred. At the jurisdictional hearing, Kaurmatharu again identified appellant as one of the boys.

At the scene of his detention, appellant was advised of the *Miranda*[3] warnings. Appellant said three friends were inside the store when the store clerk started to yell at them. The clerk grabbed one friend, who pushed the clerk away, and they left the mall together.

---

[3] *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).

# PROCEDURAL HISTORY

According to the probation report, appellant was 17 years old when this incident occurred. He lived with his grandparents and did not have any contact with his biological parents.

On February 13, 2013, the initial juvenile wardship petition was filed in this case. On the same day, the court conducted the detention hearing and appointed Robert Wyrick as appellant's defense counsel. According to the minute order, the court ordered Wyrick to prepare temporary guardianship paperwork and submit the documents to the court ex parte.

On March 4, 2013, an amended juvenile petition was filed which alleged appellant committed count I, robbery (Pen. Code, § 211); count II, commercial burglary (Pen. Code, § 459); count III, theft (Pen. Code, § 484, subd. (a)); and count IV, active participation in a criminal street gang (Pen. Code, § 186.22, subd. (a)), with gang enhancements as to counts I through III (Pen. Code, § 186.22, subd. (b)).

On March 20, 2013, the court appointed Linda M., appellant's grandmother, to be his temporary guardian, after finding it necessary to provide for his temporary care, maintenance, and support, pending a hearing on a petition for appointment of a general guardian. The letters of temporary guardianship were to remain in place until March 1, 2014, or upon earlier issuance of letters to a general guardian.

In April 2013, defendant turned 18 years old.

On June 6 and 7, 2013, the court held the contested jurisdictional hearing. The court found true count II, commercial burglary, and count III, theft. The court found the prosecution failed to prove count I, robbery, count IV, active gang participation, and the gang enhancements.

## Probation report

The probation report recommended supervised probation subject to certain terms and conditions, including that appellant and "his parent" pay "a fine" of $100 to the

4.

Kings County Probation Department; a $100 "restitution fine" pursuant to section 730.6; and detention/commitment costs of $25.00 per day. The probation report also recommended that appellant and "his parent" pay $100 to the Minor's Advocate Office for attorney fees, but not as a condition of probation.

**The dispositional hearing**

On July 8, 2013, the dispositional hearing was held. The court reviewed the probation report, which identified appellant's grandmother as his guardian. This case represented appellant's fifth formal appearance before the juvenile court and 14th referral to the probation department. His prior referrals had been for assault, theft, probation violations, fighting on school grounds, resisting arrest, public intoxication, curfew violations, and burglary. His prior performance on probation had been less than satisfactory.

The court declared count II as felony commercial burglary, and count III as misdemeanor theft. The court adjudged appellant a ward of the court and found the maximum confinement time was five years. The court followed the probation report's recommendations and ordered appellant to the juvenile center for no less than 90 days and not to exceed one year. The court noted appellant might be eligible for the early release program under GPS home detention at the probation department's discretion.

The court placed appellant on supervised probation subject to certain terms and conditions as recommended in the probation report, including the following fines, fees, and costs:

> "Pay a $100 fine to the Probation Department. I am going to strike the word parent, he is now an adult. Has to pay a $100 restitution fine per [section] 703.6 [*sic*] of Welfare and Institutions Code. [¶] Detention costs of $25 a day."

The court asked appellant's defense attorney whether he was asking for attorney fees of $100, and counsel said yes. The court ordered appellant to pay that amount and explained it was a minimal dollar amount because his attorney's time was "well worth

5.

more than $100 an hour. So he gave you whatever efforts he gave you at a reduced cost of $100 total." The court granted the prosecution's motion to reserve victim restitution.

The court's findings and orders from the dispositional hearing incorporated a check-list as to the fees, fines, and costs imposed, similar to the form used in the probation report. The preprinted order stated that appellant "and his/her parent" were ordered to pay a fine of $100 to the Kings County Probation Department; it did not state the statutory basis for that fine. The court drew a line through the phrase "and his/her parent."

The preprinted order further stated that appellant was to pay a $100 restitution fine pursuant to section 730.6, and "detention/commitment costs" of $25 per day.

Finally, the preprinted order stated appellant "and parent" were ordered to pay $100 to the Minor's Advocate Office for attorney fees, but not as a condition of probation. The court drew a line through the phrase "and parent."

The court did not address the impact of the guardianship on its orders. Defense counsel did not object to any of the court's orders on the fines, fees, and costs.

## DISCUSSION

Appellant contends the court improperly ordered him to pay (1) an unspecified $100 fine to the probation department, (2) detention costs of $25 per day, and (3) the $100 order for attorney fees. Appellant has not challenged the court's imposition of the $100 restitution fine pursuant to Welfare and Institutions Code section 730.5.

Appellant asserts the matter must be remanded because the court failed to specify the statutory basis for these fines and fees, it improperly ordered him to be personally responsible for these amounts, it failed to consider the impact of the temporary

6.

guardianship on the finding that he was personally responsible, and the court failed to consider the ability to pay of either appellant or his guardian.[4]

The People assert appellant has forfeited review of these issues since he failed to object to any part of the court's dispositional order. As we will explain, appellant has not forfeited review since the court's orders were legally unauthorized. (See, e.g., *In re Luisa Z.* (2000) 78 Cal.App.4th 978, 982; *People v. Scott* (1994) 9 Cal.4th 331, 354; *People v. Anderson* (2010) 50 Cal.4th 19, 26.)

## A. **The probation department fine**

We first address the court's imposition of a $100 fine payable to the probation department. The court ordered appellant to be personally responsible for that order. The court did not state a statutory basis for this fine, and the probation report's recommendation was similarly silent.

Appellant asserts the court failed to specify the statutory basis for the $100 fine payable to the probation department, failed to consider his ability to pay, and improperly ordered him to be personally responsible for the amount. Appellant contends the matter must be remanded for the court to clarify its order pursuant to *People v. High* (2004) 119 Cal.App.4th 1192 (*High*). *High* remanded an adult criminal case to the sentencing court with directions to set forth on the record a detailed recitation of the statutory basis for all fees, fines, and financial penalties, and to prepare an amended abstract of judgment setting forth every fee, fine, and penalty. (*Id*. at pp. 1200–1201.) "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts. All fines and fees must be set forth in the abstract of judgment. [Citations.]" (*Id*. at p. 1200.) "If the abstract does not

---

[4] In his opening brief, appellant argues his "parents" are responsible for the court's orders. In his reply brief, appellant clarifies his grandmother is his legal guardian, and argues that he cannot be held personally responsible for the court's orders because of that guardianship.

specify the amount of each fine, the Department of Corrections cannot fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency. [Citation.]  At a minimum, the inclusion of all fines and fees in the abstract may assist state and local agencies in their collection efforts.  [Citation.]"  (*Ibid.*)

The People assert that even if appellant has not forfeited review of all these issues, *High* has not been extended to require specificity in juvenile court orders where the minor is placed on probation and there is no abstract of judgment.

Aside from *High*, however, the problem with the failure to specify the statutory basis for this particular fine is based on the second part of the court's order – for appellant to be personally responsible for the amount.  Where a minor is found to be a person described in section 602 by reason of commission of one or more felony offenses, sections 730.5, 730.6, and 731 authorize the juvenile court to impose various fines, fees, and penalty assessments, some of which are mandatory, others which require the court to find an ability to pay.  (See, e.g., *In re Jeffrey M.* (2006) 141 Cal.App.4th 1017, 1025–1026; *In re Enrique Z.* (1994) 30 Cal.App.4th 464, 467–468; *In re Steven F.* (1994) 21 Cal.App.4th 1070, 1078–1079.)

In addition, section 730.7, subdivision (a) states in pertinent part:  "In a case in which a minor is ordered to make restitution to the victim or victims, or the minor is ordered to pay fines and penalty assessments *under any provision of this code*, a parent or *guardian* who has joint or sole legal and physical custody and control of the minor *shall be rebuttably presumed to be jointly and severally liable with the minor* in accordance with Sections 1714.1 and 1714.3 of the Civil Code for the amount of restitution, fines, and penalty assessments so ordered, up to the limits provided in those sections, *subject to the court's consideration of the parent's or guardian's inability to pay.*"  (Italics added.)

"The legislative intent of section 730.7 is to impose joint and several liability on the parents for the economic damages arising out of the criminal acts of their children while they are minors, even when the delinquent child reaches majority before the

8.

restitution order can be imposed." (*In re Jeffrey M.*, *supra*, 141 Cal.App.4th at p. 1025.) Under section 730.7, "the operative date" for the court's order "is the date of the offense." (*Ibid.*)

Regardless of the application of *High* to this case, the court's failure to specify the statutory basis for the $100 fine payable to the probation department may have resulted in the court's failure to consider the application of section 730.7 to the order for appellant to be personally responsible for that amount. Appellant was 17 years old when he committed the felony and misdemeanor offenses found true in this case. While he was 18 years old at the time of the jurisdictional and dispositional hearings, the court apparently did not consider the fact of his legal guardianship which, the record implies, continued beyond his 18th birthday, and the impact of that guardianship on the court's financial responsibility orders. Thus, the record strongly suggests the court's order was legally unauthorized.

We must thus remand the matter for the court to clarify the statutory basis for the $100 fine payable to the probation department, determine whether that fine is subject to the provisions of section 730.7, and, if so, determine the impact, if any, of the legal guardianship on its order.

As a separate matter, the court adopted the probation department's recommendation for a $100 restitution fine pursuant to section 730.6, which is also subject to section 730.7. On remand, the court shall clarify the extent of its order for the restitution fine.

### B. **The detention costs**

The court ordered appellant to pay detention costs of $25 per day. The court did not clarify the statutory basis for this order or whether appellant was personally responsible. In making this order, the court likely relied on section 903, subdivision (a), which states:

9.

> "The father, mother, spouse, or *other person liable for the support of a minor*, the estate of that person, and the estate of the minor, shall be liable for the reasonable costs of support of the minor while the minor is placed, or detained in, or committed to, any institution or other place pursuant to Section 625 or pursuant to an order of the juvenile court.  However, a county shall not levy charges for the costs of support of a minor detained pursuant to Section 625 unless, at the detention hearing, the juvenile court determines that detention of the minor should be continued, the petition for the offense for which the minor is detained is subsequently sustained, or the minor agrees to a program of supervision pursuant to Section 654.  *The liability of these persons and estates shall be a joint and several liability*."  (Italics added)

Section 903 makes no provision for imposing personal liability on the minor for detention costs.  Since the matter is already being remanded, the court shall also clarify the basis for the imposition of detention costs on appellant's guardian, and that appellant was not personally responsible.

## C. **Attorney Fees**

Finally, the court separately ordered appellant to be personally responsible for $100 in attorney fees, but not as a condition of probation.  It did not specify the statutory basis for this order.

The juvenile court's authority to assess attorney fees is based on section 903.1, subdivision (a), which states in pertinent part:

> "The father, mother, spouse, or other person liable for the support of a minor, the estate of that person, and the estate of the minor, shall be liable for the cost to the county or the court, whichever entity incurred the expenses, *of legal services rendered to the minor* by an attorney pursuant to an order of the juvenile court.…  The liability of those persons (in this article called relatives) and estates shall be *a joint and several liability*."  (Italics added.)

Section 903.1 makes no provision for imposing personal liability on the minor for the attorney fees incurred in representing him or her in the juvenile proceeding.  "[S]ection 903.1 is merely declarative of the parents' preexisting obligation to provide reasonable and necessary support to their minor children, and to reimburse third persons

providing that support upon the parents' failure to do so. [Citation.]" (*In re Ricky H*. (1970) 2 Cal.3d 513, 521.) The statute imputes liability to the parents (or in this case, the minor's guardian) for "the cost to the county or the court, whichever entity incurred the expenses, or legal services rendered to the minor." (§ 903.1, subd. (a).) This language suggests the liability corresponds to those expenses incurred when the legal services are rendered to a minor.

The People assert the court properly ordered appellant to be personally responsible for attorney fees since he was 18 years old when the court imposed the order. The People's argument is based on *In re Jesse V*. (1989) 214 Cal.App.3d 1619 (*Jesse V.*), where the subject committed an offense when he was a minor. He turned 18 years old four days after the wardship petition was filed, but before counsel was appointed. After he was an adult, the court appointed counsel to represent both the mother and her son. The court imposed attorney fees on the mother. On appeal, the mother challenged the order for her to pay her son's attorney fees. *Jesse V*. held the mother was not liable for her son's attorney fees because he was 18 years old when the court appointed counsel to represent him. (*Id*. at p. 1624.)

*Jesse V*. is inapposite to this case because it involved a situation where the court appointed counsel after the subject was no longer a minor. In this case, appellant was a minor when he committed the offenses, when the wardship petition was filed, and when the court appointed counsel to represent him. "[C]ounsel fees incurred on behalf of a minor child are in the nature of 'necessaries' for which the parents are liable. [Citations.]" (*In re Ricky H*., *supra*, 2 Cal.3d at p. 521; *In re Gary F*. (2014) 226 Cal.App.4th 1076, 1082–1083.)

## DISPOSITION

The dispositional order is reversed and the matter is remanded for the court to clarify appellant's status vis-à-vis guardianship, and, if necessary, correct the imposition of fines, fees, and assessments imposed in this case.

11.