Filed 6/18/26  P. v. Alfonso Q. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALFONSO Q.,<br><br>    Defendant and Appellant. | A174437<br><br>(San Mateo County<br>Super. Ct. No. 24JW0449) |

Alfonso Q. appeals from a disposition order in his juvenile wardship proceeding.  (Welf. & Inst Code, § 602; statutory references are to this code unless otherwise indicated.)  He contends the juvenile court erred by holding him jointly and severally liable for victim restitution.  (§ 730.6, subd. (b) (§730.6(b)).)  The People concede the error and we accept their concession.

## BACKGROUND

The disposition order at issue in this appeal was made by the San Mateo county juvenile court after two partially adjudicated wardship petitions that were filed in other counties were transferred to San Mateo, where Alfonzo resided.

A December 2023 petition filed in Alameda County alleged that Alfonso committed murder (Pen. Code, § 187, subd. (a), count one); and carjacking (*id.*, § 215, subd. (a), count two).  In November 2024, Alfonzo admitted an

1

amended count two charge that he was an accessory after the fact to the carjacking committed by his co-offenders. (*Id.*, § 32.) The court found the maximum term of confinement for the felony violation was two years, and dismissed the balance of the petition, with restitution left open. In December 2024, San Mateo County accepted transfer of the Alameda County matter.

Meanwhile, in August 2024, the Santa Clara County District Attorney filed a wardship petition alleging that Alfonzo committed two felonies: reckless evasion of a peace officer (Veh. Code, §§ 2800.1, 2800.2, subd. (a), count one); and unlawfully taking a vehicle without the owner's consent (*id.*, § 10851, subd. (a)). In October 2024, Alfonso admitted both charges, and yet another petition that had been filed against him was dismissed with a *Harvey* waiver. The juvenile court declared Alfonso a ward, and set a maximum term of confinement at two years, eight months. In December 2024, San Mateo County accepted transfer of the Santa Clara matter.

On August 1, 2025, the San Mateo County juvenile court held a disposition hearing for both matters. The court ordered that Alfonso be detained in the Youth Services Center for a total of 1,215 days, imposing a term of two years for the Alameda County offense, and an additional eight months for each of the Santa Clara County offenses. The court also ordered, among other things, that Alfonso was jointly and severally liable with his cohorts in the Alameda County matter for $12,270.19 in victim restitution.

## DISCUSSION

Restitution orders are subject to review on appeal for an abuse of discretion. (*In re Travis J.* (2013) 222 Cal.App.4th 187, 202.) The " 'court abuses its discretion when it acts contrary to law.' " (*Ibid.*) Alfonso contends the court abused its discretion in this case because the juvenile court may not

2

hold a minor jointly and severally liable for victim restitution. Alfonso is correct, as the People concede.

Section 730.6 "governs restitution in cases where a minor is adjudicated a ward of the court pursuant to section 602." (*In re M.W.* (2008) 169 Cal.App.4th 1, 4.) Under this statute, "a victim of conduct for which a minor is found to be a person described in Section 602 who incurs an economic loss as a result of the minor's conduct shall receive restitution directly from that minor." (§ 730.6, subd. (a)(1).) Absent extraordinary circumstances, the court shall order full restitution, and the restitution order "shall be of a dollar amount sufficient to fully reimburse the victim or victims for all determined economic losses incurred as the result of the minor's conduct." (*Id.*, subd. (b)(1).)

Section 730.6(b)(3) further provides: "For the purposes of victim restitution, each minor shall be held severally liable, and shall not be held jointly and severally liable as co-offenders. The court shall apportion liability based on each minor's percentage of responsibility or fault for all economic losses included in the order of restitution. The aggregate amount of apportioned liability for all minors involved shall not exceed 100 percent in total." This provision was added to section 730.6 pursuant to a statutory amendment, effective as of January 1, 2025. (Stats 2024, ch. 805, § 6 (Assem. Bill No. 1186).)

The restitution order we review here was made in August 2025. The juvenile court ordered that Alfonso was jointly and severally liable with his co-offenders for restitution owed to the victim in the Alameda County matter. This order was contrary to the law because minors in wardship proceedings "shall not be held jointly and severally liable as co-offenders." (§ 730.6(b)(3).) Moreover, the People concede the error has not been waived, citing authority

3

which holds that the failure to object to a restitution order that exceeds the court's statutory authority does not waive the claim of error.  (*In re Paul R.* (1996) 42 Cal.App.4th 1582, 1590.)  We again accept the concession, particularly in light of Alfonso's alternative claim that his trial counsel's failure to object to the restitution order constituted ineffective assistance of counsel.

## DISPOSITION

The restitution order is reversed and this matter is remanded for the juvenile court to make a victim restitution order that complies with section 730.6(b)(3).  The August 1, 2025 disposition order is otherwise affirmed.


TUCHER, P. J.


WE CONCUR:

FUJISAKI, J.
RODRÍGUEZ, J.


*People v. Alfonso Q.* (A174437)

4